IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-32447 |
| | § | |
| ROCHELLE BROWN | § | JUDGE JEFF BOHM |
| | § | |

**Second Motion of Adrian Morales And Eagle Realty Group A/K/A
Eagle Realty Group % Owner For Relief From The Automatic Stay As To Certain Real
Property Pursuant To 11 U.S.C. § 362(d)(2) Or,
Alternatively, Pursuant to 11 U.S.C. § 362(d)(1)**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on July 9, 2019 at 10:00 am in courtroom 600, 515 Rusk, Houston, Texas 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      Adrian Morales and Eagle Realty Group A/K/A Eagle Realty Group % Owner file this second motion to lift the automatic stay to permit a forcible detainer action to evict the Debtor, Rochelle Brown, and represent:

      **I.    Jurisdiction, Venue, and Constitutional Authority to Enter a Final order**

1.    This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## II.      Factual Background

2.      Adrian Morales and Eagle Realty Group A/K/A Eagle Realty Group % Owner[1] ("Movants") entered into a residential lease with the Debtor for real property described as Unit 501 Bldg 5 0.156 Int. Common Land & Ele. Contemporary Westheimer T/H Condo Amend., more commonly known as 2710 Hullsmith Dr., 501, Houston, Texas 77063-4646.  A copy of the lease agreement is attached as Exhibit 2.

3.      The lease agreement commenced on November 14, 2018, and the primary term expires on November 30, 2019.  Exhibit 2 ¶ 3.  Further, under the lease agreement, the Debtor acquired a possessory interest but no equity in the property.  Exhibit 2.

4.      Rent under the lease was $1,600.00 per month.  *Id.* ¶ 5.  As shown more fully in Exhibits 1, 3, pre-petition arrearages total $3,800.00 (rent totaled $8,000.00 from January 2019 to May 2019; Debtor made $4,200.00 in payments during that time), and post-petition arrearages currently total $1,000.00 (June 2019 rent was $1,600.00; Debtor made one payment of $600.00 on May 28, 2019).  These amounts are exclusive of late fees, other charges, and interest.

5.      An eviction proceeding was filed against the Debtor on March 4, 2019 in cause no. 195100095548, *Eagle Realty Group v. Rochelle Brown*, in the Justice Court, Harris County, Texas, Precinct 5 Place 1.  That suit was stayed by the filing of the Debtor's previous bankruptcy case, 19-31103, which was dismissed on April 10, 2019 pursuant to 11 U.S.C. § 105(a).  The Debtor refiled for chapter 7 protection in the instant case on May 2, 2019.

---

[1] As shown in Exhibit 1, the real property is owned by the Adrian Morales; Eagle Realty Group a/k/a Eagle Realty Group % Owner is their agent.  However, due to inartful drafting of the lease agreement, "Eagle Realty Group % Owner" is listed as the landlord to the lease.  Exhibit 2 ¶ 1. Texas law generally requires all parties to a lease agreement to be named as a party to a forcible entry and/or detainer suit.  Consequently, this lift stay motion seeks relief on behalf of both Movants.

6.      Movants filed a first motion for relief from the automatic stay on May 20, 2019; an oral hearing was held on June 11, 2019, at which time the Court denied the motion.

### III.    Relief Sought

7.      Movants request that an order is entered that terminates the automatic stay to allow Movants to proceed with a forcible entry and detainer / eviction suit against the Debtor in Texas state court to recover possession of the property, damages, attorney's fees, and costs of court because the Debtor failed to pay all amounts due under the lease agreement and has no interest or equity in the real property. 11 U.S.C. § 362(d)(1), (2).

8.      Alternatively, Movants request the Court enter an order confirming that the automatic stay terminated on June 1, 2019 pursuant to 11 U.S.C. § 362(c)(3)(A) because the instant case is the Debtor's second bankruptcy filed within the preceding one (1) year period.

### IV.    Legal Authorities in Support of Relief Sought.

9.      11 U.S.C. 362(d) provides that "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization".

10.     Courts have found good cause to lift the automatic stay to allow an eviction to proceed in similar circumstances. *See, e.g.*, *In re Wilmington*, No. 15-31207-H3-13, 2015 Bankr. LEXIS 2148, at *4 (Bankr. S.D. Tex. 2015).

11. 11 U.S.C. 362(c)(3)(A) provides that "if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

## PRAYER

WHEREFORE, Adrian Morales; Eagle Realty Group a/k/a Eagle Realty Group % Owner respectfully pray that this Court enter an order modifying the automatic stay to permit a forcible detainer case to evict Rochelle Brown from the property described as Unit 501 Bldg 5 0.156 Int. Common Land & Ele Contemporary Westheimer T/H Condo Amend., more commonly known as 2710 Hullsmith Dr., 501, Houston, Texas 77063-4646, and to recover damages, attorney's fees, and costs of court, and for such other relief in law and in equity is as just.

Respectfully Submitted,

/s/Michael Poynter
Michael Poynter
Vargo Law Firm, PC
Tex. No. 24092991
S.D. Tex. No. 2479516
mpoynter@vargolawfirm.com
713-524-2441 telephone
832-779-8838 facsimile

## CERTIFICATE OF CONFERENCE

I hereby certify that as shown on the attached Exhibit 4, on May 14, 2019, I conferred with Randy W. Williams, Chapter 7 Trustee, via email, who is UNOPPOSED to the relief sought herein. I spoke to Debtor via telephone on or about May 20, 2019, who stated she is OPPOSED to the

relief sough herein.  I again asked the Debtor on June 21, 2019 via email whether she continues to be opposed, but I received no response.  Movants and Debtor have been unable to reach an agreement on the requested relief.  Therefore a hearing will be required.

/s/Michael Poynter
Michael Poynter

### CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2019 a true and correct copy of the foregoing motion has been served upon all parties entitled to service as follows:

Via first class and certified mail, return receipt requested

Rochelle Brown
2710 Hullsmith Dr.
Unit #501
Houston, TX 77063

Via e-filing
Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

US Trustee
Office of the US Trustee
515 Rusk Ave, Suite 3516
Houston, Texas 77002

/s/Michael Poynter
Michael Poynter