

ENTERED
07/19/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROCHELLE BROWN, | § | Case No. 19-32447 |
| | § | |
| Debtor. | § | Chapter 7 |
| | § | |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY
[Doc. No. 28]

On June 22, 2019, Adrian Morales and Eagle Realty Group (collectively the **"Movant"**) filed a motion for relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1)&(d)(2) (the **"Motion"**). [Doc. No. 28]. On July 2, 2019, Rochelle Brown, the debtor who represents herself *pro se* (the **"Debtor"**), filed a response opposing the Motion. [Doc. No. 30]. On July 9, 2019, this Court held a hearing on the Motion. The Court heard testimony from Cheryl Jones, an authorized representative of the Movant, and the Debtor; and the Court also admitted exhibits 2–6 submitted by the Movant. After listening to closing arguments from the Movant's counsel and the Debtor, the Court took the matter under advisement. The Court now issues this Order granting the Motion for the reasons set forth below.

The Motion requests this Court to lift the automatic stay to permit the Movant to prosecute its eviction suit presently pending in state court. There is no question that the Movant owns and manages certain residential property that the Debtor leases pursuant to a Residential Lease (the **"Lease"**). [Ex. 2]. The leased property is located at 2710 Hullsmith Drive, Unit 501, Houston, Texas 77063-4646 (the **"Property"**). The Lease, which was executed on November 14, 2018, and expires on November 30, 2019, was executed by both the Debtor and Ms. Jones, in her capacity

as an authorized representative of Eagle Realty Group.[1] Under the terms of the Lease, the Debtor, as tenant, must make a monthly rental payment of $1600.00 to the Movant on the first day of each month. Unfortunately for the Debtor—which she candidly admitted at the hearing—she has failed to make the monthly payments for April, May, June, and July of this year. Thus, she has defaulted under the Lease in the amount of $6400.00. Under these circumstances, the Movant wants to prosecute an eviction lawsuit, but knows that it may not do so without first obtaining a lifting of the automatic stay, which took effect on May 2, 2019, when the Debtor filed a Chapter 7 petition. [*See* Doc. No. 1].

11 U.S.C. § 362(d)(1) sets forth that this Court may lift the automatic stay "for cause." There is ample case law setting forth that the failure to pay post-petition rent constitutes grounds for lifting the automatic stay under § 362(d)(1). *See B.N. Realty Assocs. V. Lichtenstein*, 238 B.R. 249, 259 (S.D.N.Y. 1999) ("The bankruptcy process may not be used for the sole purpose of thwarting eviction proceedings in the State courts."); *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) ("The landlord will also not be adequately protected if the Debtor falls behind in postpetition rent."); *In re MAD LO LO LLC d/b/a/ Frederick's Madison*, NO. 09–11911, 2009 WL 2902567 at *4 (Bankr. S.D.N.Y. 2009) ("The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay."). Here, there is no question that the Debtor is substantially in default under the Lease. Moreover, based upon the testimony, there is little doubt that the Debtor filed this Chapter 7 case primarily, if not solely, to stop the Movant from moving forward with an eviction proceeding. Under these circumstances, the Court finds

---

[1] The Debtor argued at the hearing that the Movant did not have standing to file the Motion. This Court disagrees. The Court finds that the Movant does indeed have standing to file the Motion. The Court makes this finding because based upon the credible testimony given by Ms. Jones, Adrian Morales owns the property that the Debtor leases and Eagle Realty Group has a contract with Adrian Morales that authorizes Eagle Realty Group to lease the property to third parties (such as the Debtor) and to enforce the Lease.

2

that there is cause under § 362(d)(1) to lift the automatic stay and allow the Movant to proceed to prosecute its eviction proceeding in state court.

The Movant has also pleaded in the alternative. Specifically, the Movant cites 11 U.S.C. § 362(d)(2) as a separate and distinct ground for relief. This section sets forth that the stay shall be lifted if the debtor does not have equity in the property that is the subject of the motion to lift stay and if this property is not necessary to an effective reorganization. Here, the Movant satisfies both of these elements. First, the Debtor does not have equity in the Property because she does not own the Property; the Movant owns the Property, and the Debtor merely leases it. Moreover, the Property is not necessary for an effective reorganization by the Debtor for the simple reason that she is not attempting to reorganize under either Chapter 11 or 13; rather, she has filed a Chapter 7, for which there is no reorganization process. Accordingly, under these circumstances, the Court finds that the automatic stay should be lifted to allow the Movant to proceed to prosecute its eviction proceeding in state court. It is therefore:

ORDERED that the automatic stay is lifted to allow the Movant to prosecute the eviction proceeding in cause no. 195100095548, *Eagle Realty Group v. Rochelle Brown*, in the Justice Court, Harris County, Texas, Precinct 5, Place 1, and, additionally, to take all and any other actions allowable under state law (including, but not limited to, filing other eviction proceedings) in order to protect its interests in the Property; and it is further

ORDERED that the Clerk of Court shall send a copy of this Order to the Debtor at the following address: 2710 Hullsmith Drive, Unit #501, Houston, Texas 77063.

Signed on this 19th day of July, 2019.

Jeff Bohm
United States Bankruptcy Judge